REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature Room 1116, State Capitol Lincoln, NE 68509
Dear Senator DeCamp:
You have asked for our opinion on whether or not 30 votes are required for final passage of LB 816A. A similar request has been received from Senator Warner, a copy of our response to that request is included herein.
You state in your letter that LB 816A appropriates approximately $45,000,000 to education programs which is in excess of the Governor's recommendation in his original budget message of approximately $42,000,000. As you know, LB 816A appropriates $82,600,000. This sum is arrived at by combining the recommendations made in the Governor's original budget in LB 761, Section 12, Subsections 1 and 2, wherein the Governor recommended $12,600,000 and $70,000,000 for distribution of state sums to governmental subdivisions. The $70,000,000 recommendation included within it a division of approximately $41,000,000 of that total to be distributed to school districts. LB 816A obviously increases the share of school districts over that contemplated by the Governor's recommendation, but that increase to school districts is at the expense of other governmental subdivisions and not as a result of increasing the total amount of money recommended by the Governor.
The constitutional provision to which you refer does not require that the Legislature divide a distinct appropriation in the exact manner the Governor recommends. It is designed so that the Governor's general recommendations for particular areas may not be exceeded. However, the distribution within such areas may well vary from the Governor's recommendation without necessarily being in excess of his recommendation. It is therefore our opinion that LB 816A is not in excess of the Governor's recommendation and therefore does not require a three-fifths vote.
As a further matter, you state in your letter that it has been a uniform practice to require 30 votes for the passage of an `A' bill. We have examined the constitutional provisions involved and note that Article IV, Section 7 of the Constitution requires a three-fifths vote of the Legislature for appropriations in excess of the Governor's recommendation. `A' bills may or may not be an appropriation in excess of the Governor's recommendation. If they are for the purpose of funding governmental functions not in existence at the time the Governor made his recommendation, they of course do not require 30 votes. See Opinion No. 49, March 20, 1975, Report of the Attorney General 1975-76. If an `A' bill funds a program which was included in the Governor's recommended budget and increases the Governor's recommendation, then 30 votes would be required to pass the `A' bill with an amount over the Governor's recommendation. If the `A' bill fails to receive 30 votes but receives 25 or more votes, it would still pass but only at the funding level recommended by the Governor. Thus, to make a flat statement that the Legislature has uniformly required 30 votes to pass an `A' bill while it may be correct, is not constitutionally mandated in all situations.
As a final matter, you have brought to our attention the provisions of Neb.Rev.Stat. § 81-137 (Reissue 1976). That section provides:
 The Governor shall also submit to the Legislature at the same time he submits the budget, copies of a tentative bill for all proposed appropriations of the budget clearly itemized and properly classified, for the ensuing appropriation period, and no appropriation shall be made in excess of the items and recommendations contained in the budget unless by a two-thirds vote of the Legislature, but any item or recommendation therein contained may be rejected or decreased in amount.
Obviously this section purports to require a greater majority to increase the appropriation above the Governor's recommendation than does the Constitution. We believe that this discrepancy may be explained by the following facts. Article IV, Section 7 of the Nebraska Constitution from 1920 to 1964, provided for the requirement of a three-fifths majority. In 1964, the Constitution was amended by a vote of the people pursuant to an amendment proposed in LB 807, Seventy-Third Legislative Session, to require a two-thirds majority for appropriating money in excess of the Governor's recommendations. Section 7 was again amended in 1972, by a vote of the people pursuant to an amendment proposed by the Legislature in LB 301 at the 1971 Session, to reduce the requirement back to the three-fifths majority that had been in effect from 1920. The constitutional provision has remained the same since that time.
Neb.Rev.Stat. § 81-137 from 1929 to 1971, required a three-fifths majority for the passage of such items. In 1971, in LB 28, the Legislature amended that section to require a two-thirds majority to conform with the constitutional provision of 1964. The following year the Constitution was changed back to three-fifths, but no action has been taken on Neb.Rev.Stat. § 81-137 since that time. We believe that it is obvious that where there is a divergence between statutory requirements and constitutional requirements with respect to the number of votes necessary to adopt an appropriations bill in excess of the Governor's recommendation, the constitutional requirements will control over the statutory requirements. While the Legislature has plenary power over the fiscal matters of the government, its authority is limited by the constitutional requirements.See, State ex rel Meyer v. State Board of Equalization andAssessment, 185 Neb. 490, 176 N.W.2d 920 (1970). Therefore, our opinion expressed above in regard to LB 816A and other matters is not affected by the provisions of Neb.Rev.Stat. § 81-137, since such provisions are subject to the constitutional requirements set forth in Article IV Section7 of the Nebraska Constitution.
Sincerely PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General